# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Indymac Bank, F.S.B., <br><br> Plaintiff, <br><br> v. <br><br> PMC BANCORP, a California Corporation, <br><br> Defendant. | NO. CV 09-08045 PA (SSx) <br><br> **MEMORANDUM AND ORDER RE: PARTIES' STIPULATED PROTECTIVE ORDER** |

    The Court has received and considered the parties' proposed Stipulated Protective Order (the "Protective Order") and Stipulation Re Protective Order (the "Stipulation"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons:

    First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful and specific fashion (for example, "personnel records,"

"medical records," or "financial information," etc.). It is not sufficient to designate "all documents or other Discovery Material" as subject to the protective order. (See Stipulation at 4).

Second, the Court will not agree that material filed in this action will be designated "CONFIDENTIAL--PROTECTED BY COURT ORDER," (Stipulation at 5), because this designation might suggest that the Court has made a determination about whether particular material fits within the categories described by a Protective Order entered in this case. If the parties wish to designate material as confidential, they can mark documents "confidential" but should not indicate that the Court has also reached a decision about the nature of the documents.

Third, the Court cannot agree to the procedure the parties' propose for the filing of papers under seal. (Stipulation at 5). If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the papers – or the confidential portion thereof – under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

Finally, the Stipulation does not establish the requisite good cause. Pintos v. Pac. Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009) ("The relevant standard [for the entry of a protective order] is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the

1  need for confidentiality." (internal quotation marks and alteration
2  omitted)); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130
3  (9th Cir. 2003) (court's protective order analysis requires examination
4  of good cause (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206,
5  1210-11, 1212 (9th Cir. 2002)); San Jose Mercury News, Inc. v. United
6  States Dist. Court, 187 F.3d 1096, 1102 (9th Cir. 1999).

8      The Court may only enter a protective order upon a showing of good
9  cause.  Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176
10 (9th Cir. 2006) (stipulating to protective order insufficient to make
11 particularized showing of good cause, as required by Rule 26(c));
12 Phillips, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good
13 cause for a protective order); Makar-Wellbon v. Sony Electrics, Inc.,
14 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders
15 require good cause showing).

17     In any revised stipulated protective order submitted to the Court,
18 the parties must include a statement demonstrating good cause for entry
19 of a protective order pertaining to the documents or information
20 described in the order.  The documents to be protected shall be
21 specifically described and identified.  The paragraph containing the
22 statement of good cause should be preceded by the phrase: "GOOD CAUSE
23 STATEMENT."  The parties shall articulate, for each document or category
24 \\
25 \\
26 \\
27 \\
28 \\

of documents they seek to protect, the specific prejudice or harm that will result if no protective order is entered.  Foltz, 331 F.3d at 1130 (citations omitted).

In any revised stipulated protective order, the parties shall include the following in the caption:  "[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]."

IT IS SO ORDERED.

/S/

DATED:  March ___18___, 2010

SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE