1 | JESSE S. HERNANDEZ (Bar No. 92708)
   | jsh@amclaw.com
2 | VANESSA H. WIDENER (Bar No. 203967)
   | vhw@amclaw.com
3 | JENNIFER S. MUSE (Bar No. 211779)
   | jsm@amclaw.com
4 | ANDERSON, McPHARLIN & CONNERS LLP
   | Thirty-First Floor
5 | 444 South Flower Street
   | Los Angeles, California 90071-2901
6 | TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

7 | Attorneys for Plaintiff FEDERAL
   | DEPOSIT INSURANCE
8 | CORPORATION as Receiver for
   | INDYMAC BANK, F.S.B.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B., <br><br> Plaintiff, <br><br> vs. <br><br> PMC BANCORP, a California corporation, <br><br> Defendant. | Case No. CV09 08045-PA (SSx) <br><br> (~~PROPOSED~~) PROTECTIVE ORDER <br><br> [*DISCOVERY DOCUMENT: Referred to Magistrate Judge Suzanne H. Segal*] |

Pursuant to the stipulation between plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B. and defendant PMC BANCORP (collectively the "Parties"), and being fully advised by the Parties, and good cause appearing, the Court now enters the following Protective Order:

///

///

///

785466.1 5662.090

# PROTECTIVE ORDER

The following restrictions shall be observed as to such properly designated Confidential Information as may be produced in discovery by the Parties to this litigation:

## I. INTRODUCTION

### A. Definitions

1. "Confidential Document" means any document produced that bears the stamp or legend specified in Section II, Designation of Confidential Information, below, which signifies that the Designating Party contends that the document contains Confidential Information (as Confidential Information is defined in the next paragraph) entitled to confidentiality under established principles of law.

2. "Confidential Information" means a trade secret or other confidential commercial information, sensitive or proprietary business or financial information, personal information, or information furnished to the party producing the information in confidence by a third party. The following categories of documents are deemed to contain Confidential Information:

   a. "Loan Origination Files" for the loans at issue in this litigation which include the borrower's private information.

   b. "Loan Servicing Files" for the loans at issue in this litigation which will include the borrower's private information, and other confidential or proprietary business records.

   c. "Foreclosure Files" for the loans at issue in this litigation which will include the borrower's private information.

   d. "Repurchase demand Files" for the loans at issue in this litigation which will include the borrower's private

information, confidential business records, and other proprietary information.

    e.    "Personal Records" as defined by California Code of Civil Procedure §1985.3.

3.    "Document" or "Documents" means all written, recorded, electronic or graphic material, whether produced or created by a party or another person, and whether produced pursuant to document request, subpoena, by agreement, or otherwise, and includes deposition transcripts and exhibits, where applicable.

4.    "Designating Party" means the party who initially produces the Document and marks it as "Confidential-Subject to Protective Order" pursuant to this Protective Order.

5.    "Party" or "Parties" means any person or entity that is named as a party to this litigation.

6.    "Person" means any natural person, or any legal or business entity, profit or nonprofit organization, or any government agency.

7.    "Discovery Material" means: (a) all documents produced in this action, other than documents which are publicly available or are produced by nonparties; (b) all deposition testimony taken in this action, exhibits thereto and any video or transcripts thereof, whether in written or computer format; (c) responses to interrogatories, responses to requests for admission, and all other written discovery served or filed in this action and all contents of such discovery; and (d) documents produced in this action that the parties agree may be used in this action or that this Court orders can be used in this action.

8.    "Disclose" means to show, give, make available, reproduce, communicate or excerpt any Discovery Material, or any part or contents thereof.

///
///

**B. Good Cause**

This action involves a contract dispute between defendant PMC BANCORP and plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for INDYMAC BANK, F.S.B. relating to twenty-nine (29) mortgage loans. As such, this litigation will involve the review and analysis of Loan Origination Files, Loan Servicing Files, Foreclosure files, Repurchase Demand Files and other Personal Records of individuals who applied for and obtained mortgage loans at issue. Good cause exists to grant the Parties' request for a Protective Order to (1) preserve the privacy interests of third party borrowers; (2) protect the confidential business records and proprietary information of the plaintiff and defendant; and (3) allow the Parties to exchange information in the most expeditious fashion possible, with a minimum burden, expense, dispute, and delay.

**C. Scope of Protective Order**

1. This Protective Order applies to all Parties to this action and their counsel as well as retained and non-retained experts and/or consultants.

2. Nothing in this Protective Order shall require disclosure of any information or material that is protected from disclosure by any applicable privilege.

3. Any Party hereto may make a good faith objection to the designation of any document, response, testimony, or information as "Confidential Information" by the Designating Party, and may make a motion for an order compelling disclosure of and/or access to such material without restriction, after attempting to resolve the objection with the Designating Party. Applicable California law shall govern the burden and standard of proof on any such motion.

4. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or Person with respect to information designated as "Confidential Information" pursuant to this Protective Order. The fact that information is or is not designated as "Confidential

///

Information" under this Protective Order shall not determine what a trier-of-fact may find to be confidential or proprietary.

5.  This Protective Order shall not govern the use by a Party of any Discovery Material otherwise lawfully in its possession, notwithstanding the fact that the Party either produces that Discovery Material in the course of discovery in this action or receives a duplicate copy of that Discovery Material through discovery in this action.

6.  The Parties may agree to accord Discovery Material produced in this action even greater confidentiality protection than that provided in Section II of this Protective Order, and nothing in the provisions of this Protective Order shall be deemed to preclude any Party from seeking and obtaining from the Court such additional protection with respect to the confidentiality of Discovery Material as may be appropriate or necessary.

7.  Discovery Material shall not be disclosed to any Person or entity except as expressly set forth herein. All Discovery Material produced or provided by any Party or non-party in connection with this litigation shall be used by the Parties only for the purposes of this action, including depositions, motions, pre-trial preparation, trial or appeal. Otherwise, except by order of the Court, such Discovery Material shall not be used by any Party other than the producing Party for any other purpose.

## II. CONFIDENTIAL INFORMATION

### A. Designation of Confidential Information

1.  A Party, who reasonably believes in good faith that a Document being produced contains Confidential Information, may designate such Document as containing such information only by: (1) Bates stamping such Document; and (2) stamping such Document with the following legend: CONFIDENTIAL INFORMATION.

///

2. The Parties intend to produce Loan Origination, Servicing and Foreclosure Files relating to the subject loans as well as other documents which include "Personal Records" in response to FRCP Rule 26 Initial Disclosures. In order to facilitate a more prompt production of these documents, it is stipulated and agreed that the documents produced by the Parties through their Initial Disclosures shall be deemed CONFIDENTIAL INFORMATION without the need to affix the legend to each individual document as described in Paragraph 1 above.

**B.   Qualified Person Re Confidential Information**

Any document or other Discovery Material designated as "Confidential Information" may be disclosed only to the following Persons and/or entities:

1. The Court, its officers, jury, and any special master, referee, or mediator authorized to act in this proceeding;

2. Counsel of record for the Parties to this action, and their employees or employee equivalents (e.g., legal assistants, secretaries, clerical staff, copy vendors, etc.) who are regularly employed by such counsel and who are actively engaged in assisting such counsel in this action;

3. Court reporters, deposition reporters, and their staff, to the extent necessary to perform their duties;

4. Witnesses in the course of a deposition taken in this action;

5. The Parties to this action, and those officers, directors, managing agents, or employees of the Parties hereto who are actively engaged in the preparation of this action for trial or for other resolution;

6. Any retained or non-retained expert and/or consultant who is engaged in the preparation of this action for trial or for other resolution and who agrees in writing to be bound by the confidentiality requirements of this Order.

///
///
///

### C. Limited Use of Confidential Information

Documents and Discovery Material designated "Confidential Information" shall be used solely for this lawsuit, and shall not be used for any other purpose, including, but not limited to, any other litigation, arbitration, or claim.

### D. Filing Under Seal of Confidential Information

If a Party desires to use a Confidential Document or Confidential Information in support of a motion, opposition to a motion, or other document filed with the Court, the Party shall accompany its papers with an Application to file the Confidential Document under seal pursuant to United States District Court, Central District of California, Rule 79-5.1. The Application shall be directed to the judge to whom the motion, opposition or other papers are directed. Pending the ruling on the Application, the papers or portions thereof which are subject to the Application shall be lodged under seal.

### E. Hearing Re Confidential Information

Counsel for any Party may request that any hearing or testimony with respect to information that has been designated "Confidential Information" by that Party shall be held *in camera* and the transcripts thereof sealed as provided in Section II, above, such that contents thereof shall not be disclosed to anyone other than the counsel, parties, and experts hereto, pending further order of the Court.

### F. Depositions Re Confidential Information

The Parties may use Confidential Documents and Confidential Information during depositions in this action. In the event that any document or other Discovery Material designated as "Confidential Information" is marked as an exhibit in a deposition, or any question is asked at a deposition that calls for or requires the disclosure of Confidential Information, any Party may request at the deposition that the portion of the deposition transcript relating to such Confidential Information be treated as follows:

///

The reporter shall separately bind the portion(s) of the transcript containing Confidential Information, information and any exhibit(s) to the deposition designated as "Confidential Information," and shall mark such portion(s) and exhibit(s) substantially as follows:

> **CONFIDENTIAL INFORMATION**
> *FDIC v. PMC Bancorp, et al.*
> **Case No. CV09 08045-PA (SSx)**

### III. POST-DISCOVERY TREATMENT OF DESIGNATED INFORMATION

1. This Protective Order shall not govern at trial. The Parties to this action shall attempt to agree on procedures to protect at trial the confidentiality of information designated pursuant to this Protective Order and shall, prior to trial, submit such proposed procedures to the Court for its approval or modification.

2. Not later than thirty (30) days after the final disposition of this litigation, including any appeals, all Discovery Material shall, at the option of the Producing Party, be returned to counsel for the Producing Party or destroyed and a certificate of destruction provided. If any Discovery Material is furnished under this Protective Order to any expert or to any other Person, the attorney for the party retaining such expert or furnishing the Discovery Material shall be responsible to ensure that it is returned to counsel and disposed of pursuant to this Protective Order.

3. No part of the terms of this Protective Order may be terminated, except by the written stipulation executed by counsel of record for each party, or by an order of this Court for good cause shown. This Protective Order shall survive

///
///
///
///

1  any final disposition of this case, and after termination of this action, the Court shall
2  retain jurisdiction to enforce or modify this Protective Order.
3
4  **IT IS SO ORDERED.**
5
6  Dated: 4/5, 2010    _[signature]_____
7                      Magistrate
                       Judge of the United States District Court

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

785466.1 5662.090